UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

                                  File No.  1:07-CR-200

v.

                                  HON. ROBERT HOLMES BELL

RAYMOND LEMAR ALFORD-KING,

       Defendant.

_____/

## **O P I N I O N**

This matter is before the Court on the government's motion for an ends of justice continuance to February 11, 2008.  (Dkt. No. 16.)

Defendant Raymond Lemar Alford-King was indicted on one count of conspiracy to commit wire fraud and to steal government property in violation of 18 U.S.C. §§ 641 and 1343, and two counts of stealing government property in violation of 18 U.S.C. § 641.  (Dkt. No. 1, Indictment.)  Defendant made his initial appearance on October 22, 2007.  (Dkt. No. 22.)  Two other defendants are named in the indictment, but neither one has made an initial appearance.  On December 18, 2007, the Court scheduled Defendant's jury trial to begin on February 11, 2008.

The Speedy Trial Act requires that a defendant be brought to trial within seventy days from the filing of the indictment or the defendant's first appearance before the court, whichever is later.  18 U.S.C. § 3161(c).  The Act contains numerous provisions for tolling

the 70-day period, including a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(7).

The government has moved for an ends of justice continuance because it believes that Defendant's 70-day period expires on January 2, 2008.  The government contends that § 3161(h)(7) does not apply in this case because neither of the co-defendants is in custody, and the government cannot predict when they will make their initial appearance.

The language of the Act and the available case law are not entirely clear on when the speedy trial clock begins to run when multiple defendants have been charged in a single indictment but have not all been arraigned.  The government asserts that § 3161(h)(7) only comes into play after the appearance of a co-defendant in the district, at which time the speedy trial clock is "restarted."  (Dkt. No. 17, Gov't Br. 2.)  The only case the government has cited in support of this assertion, *United States v. Enriques*, No. 93-5304, 1994 WL 456797 (6th Cir. Aug. 23, 1994) (unpublished), does not use the term "restarts."  Rather, *Enriques* noted that the defendant's speedy time calculation "presumably began to run" following her co-defendant's arraignment in the district.  *Id.* at *3.

The majority of the cases suggest that § 3161(h)(7) comes into play any time multiple defendants are charged in one indictment.  *See, e.g., United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) ("Where . . . multiple defendants are charged together and no severance has been granted, one speedy trial clock governs."); *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990) (holding that the 70-day clock did not begin to run on the defendant's

2

behalf until the arraignment of his co-defendant); *United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987) (noting that the legislative history of § 3161(h)(7) "demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded."); *United States v. Clark*, No. 05-CR-80810, 2006 WL 2008519 (E.D. Mich. July 12, 2006) (holding that the speedy trial clock had not yet been triggered where two co-defendants were still fugitives); *United States v. Mahan*, 492 F. Supp. 2d 822, 827 (S.D. Ohio 2006) ("[W]hen two or more defendants have been jointly indicted, there is only one speedy trial clock, so that a period of delay that is excludable for one must also be excluded for the others."); *United States v. Morin*, 308 F. Supp. 2d 835 (M.D. Tenn. 2003) (holding that the speedy trial clock never started for a drug conspiracy defendant who never sought a severance from his fugitive co-defendant).

The government's interpretation of § 3161(h)(7) may lend certainty to the manner in which § 3161(h)(7) is applied, and it may insure a speedy trial for one defendant when his co-defendants remain on fugitive status.  Nevertheless, the Court is persuaded that the government's interpretation is not the interpretation that Congress had in mind, nor is it the interpretation adopted by the majority of courts that have considered the issue.  The Court concludes that because Defendant was jointly indicted with others § 3161(h)(7) applies to this case.  The Court further concludes that application of § 3161(h)(7) means that Defendant's speedy trial clock has not started to run because the jointly indicted co-defendants have not been arraigned and Defendant has not requested a severance.  Pursuant to the language of the Speedy Trial Act, the length of the delay that is excludable under

3

§ 3161(h)(7) is a "reasonable period."  18 U.S.C. § 3161(h)(7).  The Court has no difficulty in finding that a 40-day delay under the circumstances of this case is a reasonable period of delay.  Accordingly, the Court is not convinced that the speedy trial clock for Defendant will expire on January 2, 2008, and the Court is not convinced that a continuance is necessary. Nevertheless, in an abundance of caution, the Court will consider the government's request for an ends of justice continuance until the February 11, 2008, trial date.

The government contends that an ends of justice continuance pursuant to 18 U.S.C. § 3161(h)(8) is appropriate in order to give defense counsel an opportunity to meet with Defendant regarding the government's December 12, 2007, proposed plea agreement.  Given the strong congressional preference for joint trials, the uncertainty of when Defendant's co-defendants will be arraigned, the government's recent plea offer, and the difficulties of communication during the holiday season, the Court is satisfied that the ends of justice served by granting a limited continuance until February 11, 2008, outweigh the best interests of the public and Defendant in a speedy trial.  The government's motion for an ends of justice continuance will accordingly be granted.

An order consistent with this opinion will be entered.

Date:   ___January 2, 2008___       /s/ Robert Holmes Bell_____
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE